usual way.  In this instance we believe that the special term justice was right in declaring that this was not such a case.  The order appealed from is affirmed, with costs.

---

### CHEEVERS v. OCEAN S. S. CO. OF SAVANNAH.

(City Court of New York, General Term.  January 3, 1899.)

MASTER AND SERVANT—NEGLIGENCE—SHIPPING.
> The question of the master's negligence was for the jury where a servant, wheeling a truck on a steamer, was injured by the tipping up of a bunker-hole cover over which he had to pass, and which if properly in place could not have been displaced.

Appeal from trial term.

Action by James Cheevers against the Ocean Steamship Company of Savannah.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before FITZSIMONS, C. J., and OLCOTT, J.

Davies, Stone & Auerbach, for appellant.
Milliken & Gasten, for respondent.

FITZSIMONS, C. J.  The defendant employed plaintiff to help unload one of its boats.  To do his work plaintiff was required to pass along a gangway with the truck used by him.  This gangway was a long and narrow way, and had a bunker hole made just in the path along which the plaintiff needed to go while doing his work.  The bunker hole had an iron cover, which was flush with the deck.  While passing over the hole the cover tipped up, causing his truck to go into the hole and in turn causing a piece of timber to fall upon plaintiff, injuring him.  Undoubtedly in this instance it was the duty of defendant to furnish plaintiff a safe and proper place in which to do his work.  He had a right to assume that the passageway in question was safe.  There is no charge made by defendant that plaintiff was guilty of contributory negligence.  The only question for us to determine is, was defendant guilty of negligence?  The testimony even of defendant's witnesses proves that if the cover of the bunker hole was properly set in its place the running over of it by the truck used by defendant would not have caused it to tilt up as it did, but that it would so tilt up if the flange upon which it rested was twisted or broken, or if some substance such as coal dust or pieces of coal rested upon such flange, thus preventing the cover from fitting down properly.  If the injury was caused by any such reason, then, in our judgment, the duty of defendant to furnish to plaintiff a safe place to do his work was not performed by it.  Besides, it appears in defendant's testimony that if the cover rested properly upon its flanges it could not have been displaced by the truck passing over it.  It therefore seems to us as a logical sequence (accepting said testimony

to be true) that something must have been between the flanges and the cover. This being true, we think it was proper for the trial justice to submit to the jury the question of defendant's negligence in allowing such a state of affairs to exist. It was the duty of defendant to see to it that the passage was safe and sound, including the cover of the hole in question. These considerations induce us to believe that the trial justice was right in submitting to the jury the question of defendant's negligence. Their finding in the affirmative was justified by the evidence. Finding no error, the judgment must be affirmed, with costs.

OLCOTT, J., concurs.